IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK RICHARD VIDRA, | : | |
| Plaintiff, | : | |
| | : | Complaint – Civil Rights |
| vs. | : | |
| | : | |
| | : | |
| TODD BLANCHE, | : | Case No. |
| Attorney General of the | : | |
| United States; and | : | |
| | : | |
| | : | |
| DANIEL DRISCOLL, | : | |
| Director, Bureau of Alcohol, | : | |
| Tobacco, Firearms, and Explosives, | : | |
| | : | |
| KASH PATEL, | : | |
| Director of the Federal Bureau of | : | |
| Investigation, | : | |
| | : | |
| UNITED STATES OF | : | |
| AMERICA, | : | |
| Defendants, | : | |

<u>COMPLAINT</u>

COMES NOW, Plaintiff, Mark Richard Vidra, by and through his attorney of record, Michael Antonio Giaramita, Jr., Esq., of Giaramita Law Offices, P.C. and brings this action against Defendants, TODD BLANCHE, Attorney General of the United States, DANIEL DRISCOLL, Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and KASH PATEL, Director of the Federal Bureau of Investigation, for violations of his rights protected by federal law and the Constitution of the United States of America.

PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Mark Richard Vidra, is an adult individual, and a natural person who is a citizen of Pennsylvania and of the United States. He presently resides in Westmoreland County, Pennsylvania. At present, Mr. Vidra wishes and intends to purchase and possess a handgun and long gun for the purpose of self-defense. Solely because of Defendants' active enforcement of the unconstitutional policies challenged in this matter, Mr. Vidra is precluded from doing so.

2.    Defendant, Todd Blanche, is the acting Attorney General of the United States and is sued in that capacity. As Attorney General of the United States, Blanche is the final policymaker and has final decision-making authority over the unconstitutional policies alleged herein. Furthermore, Blanche is responsible for executing and administering laws, customs, practices, and policies for the United States, and is presently enforcing the laws, customs, practices, and policies challenged and complained of in this matter.

3.    Defendant, DANIEL DRISCOLL, is the Director and Head of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter, referred to as "BATFE"), and is sued in that capacity. As Director and Head of BATFE, Driscoll has final decision-making authority over the unconstitutional policies alleged herein. Furthermore, Driscoll is responsible for executing and administering laws, customs, practices, and policies for the United States, and is presently enforcing the laws, customs, practices, and policies challenged and complained of in this matter.

4.    Defendant, KASH PATEL, is the Director of the Federal Bureau of Investigation (hereinafter, referred to as "FBI"), and is sued in that capacity. As Director and Head of the FBI, Patel has final decision-making authority over the unconstitutional policies

alleged herein. Furthermore, Patel is responsible for executing and administering laws, customs, practices and policies, and is presently enforcing the laws, customs, practices, and policies challenged and complained of in this matter. In particular, as Director, Patel has final decision-making authority, *inter alia,* over the FBI who enforces 18 U.S.C. § 922(g)(1) criminally, maintains the National Instant Check System ("NICS") and performs background checks using NICS.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.S. § 1331 as it is a civil action arising under the Constitution of the United States, and the laws or treaties of the United States. This Court further has subject matter jurisdiction under 28 U.S.C. § § 1343, 1346, 2201 and 2202.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) as the Defendants are officers or employees of the United States or any agency thereof acting in their official capacity or under color of legal authority, or an agency of the United States. Moreover, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Court's judicial district. Namely, Defendants are unconstitutionally enforcing 18 U.S.C. § 922(g)(1) against Plaintiff for convictions in this Court's judicial district.

## STATEMENT OF FACTS

7. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

8. Mr. Mark Richard Vidra, is over twenty-one years of age, is not a fugitive from justice as defined under 18 U.S.C. § 921(a)(15), is neither an unlawful user of, nor addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), has not been adjudicated a mental defective or committed to a mental

institution, is not an alien, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his United States citizenship, and has never been the subject of a restraining order relating to an intimate partner as defined in 18 U.S.C. § 922(g)(8) and 18 U.S.C. § 921 (a)(32), and has never been convicted in any court of a felony or misdemeanor of domestic violence as defined in 18 U.S.C. § 921(a)(33) and 18 U.S.C. 922(g)(9).

9.   On February 22, 2008, Mr. Vidra pleaded guilty in the Court of Common Pleas of Allegheny County, Pennsylvania to Driving under the Influence of Alcohol under 75 P.S. § 3802(c). The conviction involved conduct occurring on July 29, 2007. Notably, there was no vehicular collision, and nobody was injured.

10.  The DUI conviction noted above was graded as a misdemeanor of the first degree.

11.  Under Pennsylvania law, a misdemeanor of the first degree is punishable by a maximum sentence of five years of imprisonment. 18 Pa.C.S. §§ 106(b)(6) and 1104(1).

12.  For his conviction, the court sentenced Mr. Vidra to 6 months of the Intermediate Punishment Program under electronic monitoring, followed by 48 months of probation. The sentence additionally included, *inter alia,* payment of costs and a fine of $1,500.

13.  Mr. Vidra successfully completed his sentence without incident.

14.  Shortly after his arrest, Mr. Vidra voluntarily participated in inpatient substance abuse treatment.

15.  Since 2007, Mr. Vidra has been completely abstinent from alcohol.

16.  Mr. Vidra has not been charged with a crime since his July 29, 2007, arrest.

17.  Mr. Vidra's conviction does not trigger any prohibition under Pennsylvania law. 18 Pa.C.S. § 6105.

18. In fact, Pennsylvania law only prohibits the transfer or purchase of firearms (not possession) for DUI convictions if one has three Pennsylvania convictions within a span of five years. 18 Pa.C.S. § 6105(c)(3). Plaintiff does not meet this standard.

19. Nor is Mr. Vidra prohibited under Pennsylvania law for any other reason. 18 Pa.C.S. § 6105.

20. However, under 18 U.S.C. 922(g), a person is prohibited from possessing firearms if they have been convicted of a "crime punishable by imprisonment for a term exceeding one year" as defined in 18 U.S.C. § 921(a)(20).

21. As defined in 18 U.S.C. § 921(a)(20):

> The term "crime punishable by imprisonment for a term exceeding one year" does not include—
>
> (A)    any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices,
>
> or
>
> (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

22. Defendants have taken the position that 18 U.S.C. § 921(a)(20) prohibits possession of a firearm for any individual who has been convicted of a misdemeanor if the maximum possible sentence exceeds two years, regardless of the nature of the crime, the amount of time served in prison, if any, or whether there are applicable mandatory minimum

sentences. This includes convictions for crimes such as Driving Under the Influence of Alcohol under 75 Pa.C.S. § 3802 for which Vidra was convicted.

23. Therefore, Mr. Vidra's 2008 DUI conviction renders him permanently prohibited from owning and possessing firearms under federal law, as this prohibition does not expire with any passage of time.

24. Violation of this prohibition constitutes a felony criminal offense punishable by imprisonment of up to 10 years. *See* 18 U.S.C. 924(a)(2).

25. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I — Over-the-Counter, administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124.

26. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

27. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers "yes" to this question, and simply to deny the transaction based on that answer:

> The licensee should NOT contact NICS and must stop the transaction if there is reasonable cause to believe that the sale or disposition of a firearm to the transferee/ buyer is prohibited or the transferee/buyer is prohibited from receiving or possessing a firearm, including if: the transferee/buyer answered "no" to questions 21.a; the transferee/buyer answered "yes" to questions 21.b. – 21.1 as well as 21.n.; the transferee/buyer answered "yes" to question 21.m.1., and answered "no" to question 21.m.2. **Warning:** Any person who transfers a firearm to any person knowing or having reasonable cause to believe the sale or disposition to such person is prohibited violates the law, 18 U.S.C. § 922(d), even if the

transferor/seller has complied with the Federal background check requirements.

ATF Form 4473 (Revised August 2023) available at https://www.atf.gov/media/18646/download (last accessed May 12, 2026).

28. Mr. Vidra desires and intends to possess firearms for self-defense, defense of his family, target shooting, hunting, and other lawful purposes.

29. Due to his misdemeanor conviction, Mr. Vidra is prohibited, by Defendants, from following through with his intent to obtain a firearm, based on Defendants' interpretation and enforcement of 18 U.S.C. § § 921 (a)(20)(B) and 922(g)(1).

30. Mr. Vidra refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration, and fine under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

31. Considering Defendants' interpretation of federal law, Mr. Vidra cannot state on Form 4473 that he has not, in fact, been convicted of a crime punishable by imprisonment for over one year. But should Vidra answer, on Form 4473, that he has been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows Defendants' directives would refuse to sell Mr. Vidra a firearm under the view that Mr. Vidra is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, Mr. Vidra suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which Mr. Vidra would, in fact, obtain but for the enforcement of 18 U.S.C. § 921(g)(1).

COUNT ONE
INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II

32. The preceding paragraphs are incorporated herein by reference as if re-alleged in full.

33. Mr. Vidra has no history of violent behavior, or of any other conduct that would suggest he would currently pose any more of a danger by possessing firearms than an average, law-abiding responsible citizen. Mr. Vidra's possession of firearms would not be contrary to the public interest.

34. Mr. Vidra's Driving Under the Influence conviction cannot be considered to belong to the class of convictions for which there is a longstanding regulatory tradition justifying permanent disarmament.

35. In 2022, the Supreme Court decided *New York State Rifle and Pistol Association v. Bruen*. 597 U.S. 1 (2022). *Bruen* redefined the Second Amendment and the ways courts analyzed firearm regulations.

36. No longer was seriousness, cross-jurisdictional consensus and the like relevant. Now the test is, in its simplest terms, whether or not the firearm regulation at issue is consistent with United States tradition of firearm ownership and regulation. *Bruen*, 597 U.S.at 17.

37. In *Range v. Attorney General of the United States* 69 F.4th 96, 98 (3d Cir. 2023)*, the Third Circuit issued its first holding, *en banc*, for a post-*Bruen* as-applied challenge. There, Bryan Range was prohibited from possessing firearms due to his 1995 conviction for "making a false statement to obtain food stamps in violation of Pennsylvania law" under 62 Pa.C.S. § 481(a), a misdemeanor of the first degree that, and under Pennsylvania law, carried a maximum possible sentence of 5 years imprisonment. *Id*.

38. Two major holdings regarding Second Amendment analysis were delivered by the *Range* court: 1) "the people" protected by the Second Amendment are not limited to "law-abiding, responsible citizens" and 2) once a law is determined to regulate Second Amendment conduct, the government must prove it is justified in stripping one's Second Amendment rights "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 69 F.4th at 103. "To be compatible with the Second Amendment, regulations targeting longstanding problems must be 'distinctly similar' to a historical analogue." *Id*.

39. Mr. Vidra is one of "the people" protected by the Second Amendment.

40. Mr. Vidra's Second Amendment rights are regulated by Defendants' prohibition of his possession of firearms under 18 U.S.C. § § 921 (a)(20)(B) and 922(g)(1).

41. As Mr. Vidra's Second Amendment rights are being regulated and he is one of "the people" protected by the Second Amendment, the Defendants have the burden to demonstrate that the firearm regulation, namely Vidra's prohibition due to his Driving Under the Influence conviction, "is consistent with this Nation's historical tradition." *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111, 2126 (2022).

42. It is believed and therefore averred that the Defendants cannot meet this burden.

43. More specifically, Mr. Vidra's circumstances are not similar to those persons historically excluded from the right to bear arms. Therefore, the prohibition as applied to Mr. Vidra is unconstitutional.

44. In a similar case, this Court held, "[t]he Government has not met its burden in proving that the prohibition on Plaintiff's possession of a firearm due to his DUI conviction is

9

consistent with historical firearms regulations." *Williams v. Garland*, 2023 WL 7646490, at *4 (E.D. Pa. Nov. 14, 2023).

45. The court elaborated, "Although this Court remains quite concerned about the prospect of granting access to firearms to persons who have demonstrably abused alcohol, it is not convinced that the general dangerousness of drunk driving and of combining firearm use and alcohol consumption establishes that DUIs must therefore be considered sufficiently analogous to historical examples of 'dangerous' conduct that have previously served as grounds for disarmament." *Id*.

46. Here, Vidra, like the Plaintiff in *Williams,* is prohibited from the possession of firearms due to his Driving Under the Influence conviction. Vidra asks this Court to follow the precedent in *Williams* and hold Vidra's firearm prohibition under 18 U.S.C. § § 921 (a)(20)(B) and 922(g)(1) is unconstitutional as applied to him.

47. Due to Mr. Vidra's unique personal circumstances, including but not limited to the nature of his misdemeanor convictions, the passage of time since those convictions, the absence of violent history, the lack of danger that his possession of firearms would pose, and, most importantly, the fact that the Government cannot meet its burden to demonstrate that permanently disarming Mr. Vidra is consistent with this Nation's historical regulation of firearm ownership, it is unconstitutional to apply against Mr. Vidra personally the firearms prohibition of 18 U.S.C. § 922(g)(1) based upon his 2008 conviction for Driving Under the Influence under 75 Pa.C.S. § 3802(c).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor, and against Defendants, as follows:

a)     A declaration that application of 18 U.S.C. § 922(g)(1) against Mr. Mark Richard Vidra, based upon his 2008 misdemeanor conviction for Driving Under the Influence under 75 Pa.C.S. § 3802(c), violates the Second Amendment to the United States Constitution;

b)     An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Mr. Mark Richard Vidra based upon his 2008 misdemeanor conviction for Driving Under the Influence under 75 Pa.C.S. § 3802(c);

c)     Costs of suit;

d)     Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

e)     Any other further relief as the Court deems just and equitable.

Date: July 24, 2026

Respectfully submitted,
GIARAMITA LAW OFFICES, P.C.

/s/Michael Antonio Giaramita, Jr.

Michael Antonio Giaramita, Jr., Esquire
Attorney for the Plaintiff
101 West Chester Pike, Suite 1A
Havertown, PA 19083
Tel:  484-558-0076/ Fax: 484-202-6332
Email: mike@glawpa.com